AO 91 (Rev. 11/11)  Criminal Complaint

**SEALED**

# UNITED STATES DISTRICT COURT
## for the
### Southern District of Texas

United States Courts
Southern District of Texas
FILED

FEB 1 3 2020

David J. Bradley, Clerk of Court

United States of America )
v. )
Steven Anthony AVELAR )   Case No. C-20-513M
)
)
)
) Filed Under Seal
)

*Defendant(s)*

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __05/06/2016__ in the county of __Nueces__ in the __Southern__ District of __Texas__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 USC 864, 841, 813 | Conspiracy to Possess and Distribute a Controlled Substance Analogue |

This criminal complaint is based on these facts:

See Affidavit in Support of a Criminal Complaint

☑ Continued on the attached sheet.

_____
*Complainant's signature*

Special Agent Brannon J. Prevett
*Printed name and title*

Sworn to before me and signed in my presence.

Date: February 13, 2020

_____
*Judge's signature*

City and state: Corpus Christi, Texas

Jason B. Libby, United States Magistrate Judge
*Printed name and title*

## PROBABLE CAUSE AFFIDAVIT

### AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Special Agent Brannon Prevett of Homeland Security Investigations, being duly sworn under oath, do hereby depose and state:

1. Your affiant, a Special Agent with Homeland Security Investigations (HSI) and Detectives with the Corpus Christi Police Department (CCPD) Narcotics and Vice Investigations Division (NVID) have been conducting a long-term investigation of a known synthetic cannabinoid distributor in the coastal bend area.

2. I have extensive experience in investigating cases involving the manufacture and delivery of synthetic cannabinoids and controlled substance analogues. I have also worked closely with other law enforcement agents and officers who have engaged in numerous investigations involving synthetic cannabinoids and controlled substance analogues. Through my investigations, training and experience, I know that the chemicals used to manufacture synthetic cannabinoids contain a controlled substance and controlled substance analogues. The chemicals are imported from China and once manufactured into a finish product, it is used in a manner of human consumption by smoking.

3. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and officers. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

4. On May 6, 2016, CCPD Officers were dispatched to the Emerald Beach Hotel located at 1102 S. Shoreline in reference to a marijuana smell coming from room #214. CCPD officers met with the manager of the hotel who advised the room was registered under the name

"Preciliano Alaniz" and he had complaints of the smell of marijuana coming from the room. The manager also advised "Alaniz" had been registered in room #201 in which a small bag of amount of marijuana was located after cleaning earlier in the morning. The manager advised the occupants checked out of room #201 and registered into room #214.

5. CCPD Officers went to #214 to contact the occupants and after several minutes and multiple knocks, there was no contact made. CCPD Officers eventually contacted two males who exited the room. The subjects were identified as Steven AVELAR and Jose SILVA-Obregon.

6. When questioned about the smell of marijuana and the contents of the room, AVELAR told officers that he wanted to be honest and signed a consent to search form, in addition he had room key #214 and the room key cover for room #201 where the marijuana was located early in the morning.

7. Officers conducted a search of the room and discovered approximately 125 pounds of marijuana, approximately 400 10-grams bags of synthetic cannabinoids equaling approximately 22.58 pounds, 28 grams of cocaine and a large amount of U.S. currency, narcotics packaging materials, scales and items utilized in the distribution of illegal narcotics.

8. AVELAR advised Officers he utilized the name "Preciliano Alaniz" to register both room #201 and room #214, because he thought he (AVELAR) had warrants. In addition, he stated SILVA had multiple bundles of marijuana inside an ice chest with a handgun in a SUV parked in the hotel parking lot.

9. SILVA consented to a search a tan Chevrolet Tahoe and Officers discovered multiple bundles of marijuana inside a red/white ice chest along with a Smith & Wesson 9mm pistol (Serial #RBY1068).

10. AVELAR was interviewed by a CCPD NVID Officer LaRock. AVELAR was read his Miranda Rights, which he waived verbally and in writing. During the interview, AVELAR admitted that he was staying in room #201 the day before and moving to room #214. AVELAR did admit that the room was his and "Joey's" (Jose SILVA-Obregon) and they had care and control of the room.

11. AVELAR stated that before he gave consent to CCPD officers to search the room, he had knowledge that there was marijuana, synthetic cannabinoids, cocaine and money in the room. AVELAR said that "Joey" was his friend and his partner in selling drugs. AVELAR said that the synthetic cannabinoids found belonged to him and there were approximately 400 bags in the room. He said they started with approximately 700 bags and had sold 300 bags over the last few days. AVELAR said that he paid for half of his supply and still owed his supplier (and unknown subject) for the rest. AVELAR stated that the U.S. currency found in the room was from the sale of the 300 bags synthetic cannabinoids. AVELAR admitted that he used to smoke "synthetic" and he knows it is addictive.

12. AVELAR said he took reasonability for the synthetic because it was his and "Joey" needed to take responsibility for what was his. AVELAR said that he makes approximately $2,000 to 3,000 each time he sells the approximate 700 bags. AVELAR stated that he has sold approximately 700 bags every 2 weeks since January 2016, and he has made approximately $16,000 to date (May 2016).

13. The synthetic cannabinoids seized were tested by both the Texas Department of Public Safety (DPS) lab and the Drug Enforcement Agency (DEA) lab. The results of the lab testing indicated that the synthetic cannabinoids contained 5F-MDMB-PINACA and FUB-AMB. I have previously consulted with DEA and I am aware that 5F-MDMB-PINACA and FUB-AMB

(1) have chemical structures that are substantially similar to a Schedule I or II controlled substance and (2) have a pharmacological effect on the central nervous system that is substantially similar to a Schedule I or II controlled substance and at the time of this offense these substances were controlled substance analogues.

14. Based on the above events, I respectfully request that Steven AVILAR be charged with violations of Title 21 U.S.C. § 846, 841, and 813. Assistant United States Attorney Lance Watt was contacted and accepted prosecution against Steven AVELAR.

Respectfully submitted,

Brannon J. Prevett
Special Agent
Homeland Security Investigations

Subscribed and sworn to before me on 13 February 2020

Jason B. Libby
UNITED STATES MAGISTRATE JUDGE